A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Jun 08, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 08, 2009**

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: VERTRUE INC. MARKETING AND
SALES PRACTICES LITIGATION                                    MDL No. 2044

### TRANSFER ORDER

**Before the entire Panel**[*]:  Plaintiffs in three actions pending in the Southern District of California, District of Connecticut, and Northern District of Ohio have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Southern District of California.  This litigation currently consists of those three actions, as listed on Schedule A.[1]  Common defendants Vertrue Inc. and Adaptive Marketing LLC support centralization, but advocate selection of either the District of Connecticut or the Northern District of Ohio as transferee district.

On the basis of the papers filed and the hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All three actions involve allegations that defendants engaged in a telemarketing scheme in which consumers who called to buy various products that they saw marketed on television were enrolled in a "free" trial membership in an unrelated discount program. According to plaintiffs, these consumers did not consent to such enrollment, and also did not consent to have their credit or debit cards charged the annual membership fee that defendants imposed (allegedly without providing a bill or invoice) once the trial membership expired.  Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Ohio is an appropriate transferee district for pretrial proceedings in this litigation.  All parties are agreeable to selection of this district.  In

---

[*]     Judge Heyburn took no part in the disposition of this matter.

[1]     When plaintiffs submitted their motion, it encompassed a fourth action, which was also pending in the Southern District of California.  That action, however, has since been dismissed.  The Panel has been notified of seven additional related actions.  Those actions and any other related actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

addition, one of the constituent actions is pending there, and all three actions are at a similarly early stage.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio, and, with the consent of that court, assigned to the Honorable Patricia A. Gaughan for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: VERTRUE INC. MARKETING AND
SALES PRACTICES LITIGATION**                    MDL No. 2044

## SCHEDULE A

<u>Southern District of California</u>

Phyllis Callahan v. Vertrue Inc., et al., C.A. No. 3:09-236

<u>District of Connecticut</u>

Michael Waslin v. Vertrue Inc., et al., C.A. No. 3:09-106

<u>Northern District of Ohio</u>

Preston Smith, et al. v. Vertrue Inc., et al., C.A. No. 1:09-367